IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAHI MEDRANO,

    Plaintiff,

v.                                                            No. 24-cv-810-SMD-JHR

HOBBS POLICE DEPARTMENT,
a Governmental Entity and Public Body,
HOBBS MUNICIPAL DETENTION
CENTER a/k/a HOBBS CITY JAIL, a
Governmental Entity and Public Body,
SERGEANT DUSTYN WRIGHT,
in His Official and Personal Capacity,
SERGEANT ROYAL P. HOPPER,
in His Official and Personal Capacity,
OFFICER ROBERT C. VARGAS,
in His Official and Personal Capacity,
OFFICER MANUEL ESPINOZA, JR.,
in His Official and Personal Capacity,
DETENTION OFFICER TABRESHA PRICE,
in Her Official and Personal Capacity,
DETENTION OFFICER MILDRED ENGLISH,
in Her Official and Personal Capacity,
DETENTION OFFICER MICHAEL SELLECK,
in His Official and Personal Capacity,
BLUE CORP; RED CORP; and
DOES 1 through 50, inclusive,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Adahi Medrano's ("Plaintiff's" or "Medrano's") motion to remand this action to state court (Doc. 7). Defendants Hobbs Police Department, Hobbs Municipal Detention Center a/k/a Hobbs City Jail, Sergeant Dustyn Wright, Sergeant Royal P. Hopper, Officer Robert C. Vargas, Officer Manuel Espinoza, Jr., Detention Officer Tabresha Price, Detention Officer Mildred English, and Detention Officer Michael Selleck (collectively, "Defendants"), oppose Plaintiff's motion (Doc. 14).

1

For the reasons set forth below, the Court DENIES Plaintiffs' motion. The Court also DENIES Defendants' motion for leave to file a sur-reply (Doc. 19).

**Relevant Procedural History and Background**

On July 1, 2024, Plaintiff filed a Complaint against Defendants in the Fifth Judicial District Court in the County of Lea, New Mexico (Doc. 1-1). Plaintiff styled her complaint as bringing several state law claims for violations of, e.g., the New Mexico Tort Claims Act ("NMTCA"), NMSA § 41-4-18 (1978), and the New Mexico Civil Rights Act ("NMCRA"), NMSA § 41-4A-3(B) (2021), as well as several federal law claims under 42 U.S.C. § 1983.[1]

On August 13, 2024, Defendants filed with this Court a Notice of Removal, which attached Plaintiff's state court complaint (Doc. 1). On September 12, 2024, Defendants filed with this Court a Notice of Filing State Court Record, which attached a certified copy of the entire record of Plaintiff's state court action (Doc. 6).

Also on September 12, 2024, Plaintiff moved to remand this case to state court (Doc. 7). Defendants responded on September 25, 2024 (Doc. 14), and Plaintiff replied on October 9, 2024

---

[1] More specifically, Plaintiff styled her complaint as bringing (1) state law claims for violations of the NMTCA, with allegations of sub-claims for assault, battery, infliction of emotional distress, personal injuries, bodily injury, and false imprisonment (Doc. 1-1, ¶¶ 51-74); (2) state law claims for violations of the NMCRA, with allegations of sub-claims for deprivation of the right to be safe and happy, N.M. Const. art II, § 4, and improper search and seizure, N.M. Const. art II, § 10 (Doc. 1-1, ¶¶ 75-90); (3) local violations of the Hobbs Municipal Detention standard operating procedures (although Plaintiff cites the federal Prison Rape Elimination Act (PREA) of 2003, 42 U.S.C. § 15601, *et seq.*) (Doc. 1-1, ¶¶ 91-95); (4) a state law claim for negligence (Doc. 1-1, ¶¶ 96-100); (5) a state law claim for negligent supervision (Doc. 1-1, ¶¶ 101-05); (6) a federal claim under 42 U.S.C. § 1983 and the U.S. Constitution's Fourth Amendment for an unreasonable search and seizure (Doc. 1-1, ¶¶ 106-114); (7) a federal claim under 42 U.S.C. § 1983 and the U.S. Constitution's Fourth Amendment for excessive force (Doc. 1-1, ¶¶ 115-23); (8) a federal claim under 42 U.S.C. § 1983 and the U.S. Constitution's Fourteenth Amendment for failure to intervene (Doc. 1-1, ¶¶ 124-27); (9) a federal claim under 42 U.S.C. § 1983 for common law assault and battery (Doc. 1-1, ¶¶ 128-33); and (10) a federal claim under 42 U.S.C. § 1983 for common law intentional infliction of emotional distress (Doc. 1-1, ¶¶ 134-36).

(Doc. 16). Defendants subsequently filed a motion for leave to file a sur-reply in connection with Plaintiff's motion to remand (Doc. 19), arguing that new arguments and caselaw in Plaintiff's reply brief warranted additional argument.

## **Legal Standards**

This Court has original jurisdiction over claims brought pursuant to 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Generally, pursuant to the federal removal statute, "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"[B]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). "Removal statutes are to be strictly construed, [ ] and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982), *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941).

The Tenth Circuit has held that where a district court properly had original jurisdiction, and the relation between federal and state law claims clearly derives from a "common nucleus of operative fact," the claims are "part of the same case or controversy and thus would be best adjudicated together." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). However, even where a "common nucleus of operative fact" exists, federal jurisdiction is not mandatory over pendent claims or parties. *Id.*

The Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate of Harshman*, 379 F.3d at 1165, *citing City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). In circumstances where the supplemental jurisdiction statute may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction. *See, e.g., Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009) (the Tenth Circuit reviews a district court's denial of supplemental jurisdiction for abuse of discretion).

Congress' supplemental jurisdiction statute enumerates four factors that the district court should consider: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). In applying these factors, district courts should seek to exercise supplemental jurisdiction in an effort to "vindicate values of economy, convenience, fairness, and comity." *Estate of Harshman*, 379 F.3d at 1164.

4

## Discussion

### I. Procedural Violation of Late Filing of State Court Record

First, this Court denies Plaintiff's motion to remand based on Defendants' procedural violation of filing the state court record two days late under this District's Local Rules.

Defendants must comply with the statutory procedure for removal of civil actions outlined in 28 U.S.C. § 1446. Relevant here, 28 U.S.C. § 1446(a) requires defendants to file in federal court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The notice of removal should be filed within 30 days after proper service of the defendant(s). 28 U.S.C. § 1446(b). The District of New Mexico's Local Rules additionally require the removing party to file "legible copies of records and proceedings from the state court action within [28] days after filing notice of removal." D.N.M.L.R.-Civ. 81.1(a).

The Tenth Circuit has determined that a removing party's failure to attach the required state court papers to a notice of removal is a *de minimis* procedural defect that is curable, either before or after expiration of the statutory thirty-day removal period. *Countryman v. Farmers Ins. Exchange*, 639 F.3d 1270, 1272-73 (10th Cir. 2011) (collecting other Circuits' caselaw). In *Countryman*, defendants supplemented their notice of removal to the district court after the thirty-day removal period with a summons that defendants initially omitted. The Circuit vacated the district court's decision to remand, noting that defendants cured the defect, Plaintiff was not prejudiced by the omission, and the district court's ability to proceed with the case was not materially impaired. *Countryman*, 639 F.3d at 1273; *see also Ramos v. C. Ortiz Corp.*, No. 15-

cv-980, 2016 WL 10571683, at *5 (D.N.M. Jan. 27, 2016) (setting out three factors per *Countryman*).

Following *Countryman*, a Court in this District declined to remand, notwithstanding a violation of Local Rule 81.1(a), and noted that the procedural defect neither prejudiced the plaintiff nor materially impaired the Court's ability to proceed. *Escano v. Symmetry Fin. Grp. of N. Carolina, LLC*, No. 21-cv-0884, 2022 WL 2072876, at *4 (D.N.M. June 9, 2022); *see also Ramos*, 2016 WL 10571683, at *6 (declining to remand where defendant had cured the defect, plaintiff was in possession of the documents at issue, and the failure to attach did not impede the court's ability to proceed).

Here, Plaintiff does not allege that Defendants did not file the notice of removal within the statutory thirty-day removal period (Doc. 7 at 2).[2] Defendants concede that they then filed the state court record with this Court two days after the Local Rule 81.1(a) deadline (Doc. 14 at 2). Nevertheless, Defendants correctly argue that this constituted a *de minimis* procedural violation that neither prejudiced Plaintiff nor materially impairs this Court's ability to proceed with this matter (Doc. 14 at 4-5). Plaintiff does not point to specific prejudice to Plaintiff from Defendants' late filing of the state court record (aside from asserting a lack of access to the record, which is odd, since Plaintiff's counsel also represented Plaintiff in state court) (Doc. 16 at 6; Doc. 14 at 5; Doc. 1-1). *See Ramos*, 2016 WL 10571683, at *6. This Court's ability to proceed is not impaired, with the state court record now provided. *See id.*; *see also Escano*, 2022 WL 2072876, at *4. The Court denies Plaintiff's motion to remand on this ground.

---

[2] The state court record indicates that the summons returns were filed on July 16, 2024 (Doc. 1-1 at 1, 29-55). Defendants filed their Notice of Removal in this Court on August 13, 2024 (Doc. 1).

6

## II. Supplemental Jurisdiction Over State Law Claims

Plaintiff does not dispute that this Court possesses original jurisdiction over the federal claims brought under 42 U.S.C. § 1983 (Doc. 14 at 2, 7). Plaintiff also does not substantively dispute that the state and federal claims derive from a "common nucleus of operative fact" (Doc. 7 at 11, Doc. 16 at 12; *see also* Doc. 14 at 2, 6-7).[3] As such, since the claims are "part of the same case or controversy," they would ordinarily "be best adjudicated together." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d at 1164.

Plaintiff raises, in substance, three arguments under 28 U.S.C. § 1367(c) for this Court to exercise its discretion to decline supplemental jurisdiction over the state claims and remand. Plaintiff's most salient argument is that the state civil rights claims raise novel or complex issues of state law (Doc. 7 at 6-8; Doc. 16 at 7). Plaintiff also argues that the state claims substantially predominate over the claims over which this court has original jurisdiction, and relatedly, this Court might dismiss those federal claims (Doc. 7 at 8-11); and that exceptional circumstances exist such that other compelling reasons exist for declining jurisdiction (Doc. 7 at 11-14).

### A. Novel or Complex Issues of State Law

Plaintiff argues that the presence of state law claims under the NMCRA and the New Mexico Constitution supports remand because those claims pose novel issues of state law (Doc. 7 at 6-8; Doc. 16 at 7).[4] This Court, in its exercise of discretion, declines to remand on this ground.

The New Mexico Civil Rights Act, enacted in 2021, provides for a cause of action by a

---

[3] Each of Plaintiff's federal claims incorporates by reference the facts alleged in the state law claims (Doc. 1-1 at ¶¶ 106, 115, 124, 128, 134).

[4] Plaintiff does not argue this regarding her other state law claims, i.e. under the New Mexico Tort Claims Act, NMSA § 41-4-18, and for negligence and negligent supervision.

person deprived of rights under the New Mexico Constitution against a public body.  NMSA § 41-4A-3; *see also Mowrey v. DeLaney*, No. 23-cv-00847, 2023 WL 7077809, at *2 (D.N.M. Oct. 26, 2023).  Plaintiff brings two claims under the New Mexico Constitution's Bill of Rights, for deprivation of the right to be safe and happy, N.M. Const. art. II, § 4,[5] and for deprivation of rights against improper search and seizure, N.M. Const. art. II, § 10 (Doc. 1-1, at ¶¶ 75-90).[6] Plaintiff argues generally that because little New Mexico case law exists regarding the application of the NMCRA, specifically regarding the right to be "safe and happy," this Court should remand to allow state law to be developed in state courts (Doc. 7 at 7).

This Court declines to do so.  Little New Mexico case law exists regarding the right to be "safe and happy," although Defendants point to one federal district court that cited as persuasive the analysis of New Mexico state courts regarding the right to be safe and happy in a lawsuit against law enforcement (Doc. 14 at 9).  *Estrada v. The City of Las Cruces*, No. 09-cv-10, 2010 WL 11626791, at *5 (D.N.M. Jan. 12, 2010), *citing Lucero v. Salazar*, 877 P.2d 1106, 1107–08 (N.M. Ct. App. 1994) (analogizing a claimed violation of N.M. Const. art. II, § 4 to the tort of negligent infliction of emotional distress).

Still, the relative paucity of case law on that particular NMCRA claim does not outweigh this Circuit's general guidance that claims that derive from a "common nucleus of operative fact" ordinarily would "be best adjudicated together."  *Estate of Harshman*, 379 F.3d at 1164.  Federal

---

[5] N.M. Const. art. II, § 4, provides in full: "All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness."

[6] N.M. Const. art. II, § 10, provides in full: "The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures, and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the persons or things to be seized, nor without a written showing of probable cause, supported by oath or affirmation."

district courts in this District have considered federal civil rights claims and New Mexico civil rights claims together, where both claims exist in the same lawsuit.[7] *See Gardner v. City of Albuquerque*, No. 23-cv-318, 2024 WL 36069, at *2, *5 (D.N.M. Jan. 3, 2024) (addressing both § 1983 federal claim and NMCRA claim).

Indeed, federal district courts have done so even though New Mexico civil rights law does not provide for an affirmative defense of qualified immunity, unlike federal law. *Id.* at *5. Colorado's state civil rights law is similar to New Mexico's in that respect. *See, e.g.*, *Minter v. City of Aurora*, No. 20-cv-02172, 2021 WL 735910, at *5 (D. Colo. Feb. 25, 2021). Similarly, Colorado federal district courts have considered federal civil rights claims and Colorado civil rights claims together. *See Romero v. Weld Cnty. Sheriff's Off.*, No. 18-cv-02575, 2021 WL 11684269, at *9-10 (D. Colo. Mar. 12, 2021) (declining request to remand on ground that Colorado state civil rights claims are novel); *see also, e.g.*, *Minter*, 2021 WL 735910, at *5 (considering stay of discovery in law suit with both federal and Colorado civil rights claims); *Est. of Ward by & through Stamp v. Pueblo Cnty., Colorado*, No. 23-cv-00473, 2023 WL 4744928 (D. Colo. July 25, 2023) (addressing both federal and state civil rights claims under different qualified immunity standards).

Plaintiff cites to one federal district court in New Mexico that, after dismissing federal civil rights claims, remanded New Mexico state civil rights claims based on the novelty of New Mexico law. *Trujillo v. City of Albuquerque*, No. 23-cv-00314, 2024 WL 4651036, at *10 (D.N.M. Nov. 1, 2024) ("the New Mexico state appellate courts have not yet had the opportunity

---

[7] Additionally, as Defendants point out, New Mexico federal district courts have regularly analyzed federal and state claims for unreasonable search and seizure alongside each other, as the "reasonableness" test under both the U.S. and New Mexico Constitution is similar (Doc. 14 at 9). *See, e.g. Hernandez v. City of Albuquerque*, No. 02-cv-333, 2004 WL 3426418, at *2 (D.N.M. Jan. 2, 2004).

9

to fully address and interpret the provisions of the NMCRA, which was enacted only four years ago"). However, Plaintiff's federal claims remain in this lawsuit. If at a future point, Defendants or Plaintiffs move to dismiss those federal claims, the Court can consider the different procedural posture.

Additionally, Plaintiff argues that the state of New Mexico's waiver of sovereign immunity for NMCRA claims against public bodies in state court supports remand (Doc. 7 at 7-8). *See* NMSA § 41-4A-3, 41-4A-9. However, supplemental jurisdiction over NMCRA claims exists in federal court, and in any event, Defendants have waived sovereign immunity over the NMCRA claim by removing the matter to federal court (Doc. 14 at 7-8). *See, e.g.*, *New Mexico ex rel. Stone v. Bd. of Cnty. Commissioners for Cnty. of Quay*, No. 22-cv-805, 2024 WL 1933629, at *1-2 (D.N.M. May 1, 2024) (denying a motion to sever and remand NMCRA and NMTCA claims to state court on those grounds).

   B. *Whether State Claims Substantially Predominate Over Federal Claims*

This Court finds that Plaintiff's state law claims do not substantially predominate over Plaintiff's federal claims, which remain in this lawsuit.

Plaintiff makes a numerical argument that "two-thirds" of her claims are state law claims (Doc. 7 at 10), which Defendants contest on its face (Doc. 14 at 9-10).[8] In any event, state predominance analysis does not turn on the numerical ratio of state to federal claims (Doc. 14 at 10). *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) ("if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues

---

[8] Defendants argue that Plaintiff styles her complaint as five counts that are state law claims, and five counts that are federal claims (Doc. 14 at 9-10). Additionally, Plaintiff's third count alleged as a non-federal claim—i.e., for local violations of the Hobbs Municipal Detention standard operating procedures—appears to be a federal claim, as Plaintiff cites the federal Prison Rape Elimination Act (PREA) of 2003, 42 U.S.C. § 15601, *et seq.* (Doc. 1-1, ¶¶ 91-95).

10

raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals[.]")

Defendants persuasively argue that the scope of the issues raised by the state and federal claims, the factual proof required, and the relief requested are similar (Doc. 14 at 6-7, 10). Specifically, for example, Defendants point out that Plaintiff's Fourth Amendment claims are based on similar facts as Plaintiff's NMCRA claims (Doc. 14 at 6-7; *see* Doc. 1-1 at ¶¶ 89, 107; *id.* at ¶¶ 77-85, 115-123). Plaintiff also calls her Fourth Amendment claim a "necessary component" of the state law claim (Doc. 7 at 8). Defendants also point out that Plaintiff's Fourteenth Amendment failure to intervene claim incorporates Plaintiff's Fourth Amendment claims, which as noted above, are based on similar facts as Plaintiff's state law claims (Doc. 1-1 at ¶¶ 124-27); that Plaintiff's federal claim under 42 U.S.C. § 1983 for common law assault and battery is based on similar facts as Plaintiff's state law claims for assault and battery (Doc. 1-1, ¶¶ 53-60, 128-33); and Plaintiff's federal claim under 42 U.S.C. § 1983 for common law intentional infliction of emotional distress is based on similar facts as Plaintiff's state law claim for infliction of emotional distress (Doc. 1-1, ¶¶ 61-63, 134-36). Given the overlapping claims alleged, this Court declines to remand this action at this time. *See Estrada v. The City of Las Cruces*, 2010 WL 11626791, at *4 (declining to remand where federal § 1983 claims and pendent state law claims both remained in the lawsuit, because state issues do not "substantially predominate"), *citing United Mine Workers of Am. v. Gibbs*, 383 U.S. at 726–27.

Plaintiff also cites case law remanding state law claims where federal claims were dismissed, and prematurely argues that this Court could dismiss Plaintiff's federal claims (Doc. 7 at 4, 9-11). *See Marquez v. Harvest Standard, LLC*, No. 09-cv-02584, 2011 WL 1755265, at *1 (D. Colo. May 9, 2011) ("[i]f federal claims are dismissed before trial, leaving only issues of

11

state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'"), *quoting Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997), *quoting in turn Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("*Cohill*"); *see also* 28 U.S.C. § 1367(c)(3) (delineating as third factor "the district court has dismissed all claims over which it has original jurisdiction"). However, neither Defendants nor Plaintiff have moved to dismiss any claims (Doc. 14 at 10-12).

      C.  *Whether Exceptional Circumstances Exist*

Plaintiff also argues that under 28 U.S.C. § 1367(c)(4) and *Cohill*, exceptional circumstances exist such that other compelling reasons exist for declining jurisdiction (Doc. 7 at 11-13, *citing Cohill*, 484 U.S. at 351). Plaintiff's citation of *Cohill* is inapposite, and her arguments under § 1367(c)(4) miss the mark.

*Cohill* stands for the proposition that where a defendant removed a case with federal and state claims to federal court, and the plaintiff dropped the federal claim, the federal court may remand the case to state court. *Cohill*, 484 U.S. at 351. However, as noted above, Plaintiff's federal claims remain in this lawsuit (Doc. 14 at 12-13). *See Estrada*, 2010 WL 11626791, at *4 (citing *Cohill* to support declining to remand where both federal and state claims remained).

Defendants also properly note that the *Cohill* Court addressed concerns regarding state law claims not present where federal claims remain (Doc. 14 at 13). *Cohill*, 484 U.S. at 351, 357 (Court considered issues regarding statutes of limitations and the expenses of refiling in state court in the context of whether, absent a federal claim, the district court must dismiss the case outright or possessed authority to remand to state court). The U.S. Supreme Court has reaffirmed its view of *Cohill* since these parties briefed this motion. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39-40 (2025) ("*Royal Canin*") (discussing *Cohill*, and stating,

12

"when a plaintiff cuts her federal claims, the court should have a choice about how best to get rid of the case.").[9] Plaintiff's arguments regarding statutes of limitations and the expenses of refiling in state court are not relevant here.

Plaintiff does not cite other case law supporting her arguments under 28 U.S.C. § 1367(c)(4). Additionally, the *Royal Canin* Court noted that neither party in that case saw that "exceptional circumstances" provision as relevant. *Royal Canin*, 604 U.S. at 32 n. 4.

### III.   Defendants' Motion for Leave to File a Sur-Reply

Subsequent to Plaintiff's reply (Doc. 16), Defendants filed a motion for leave to file a sur-reply (Doc. 19). Defendants argued that Plaintiff's new arguments and caselaw in the reply brief warranted additional briefing—specifically, Plaintiff's arguments that the public entity Defendants and individual Defendants might be adverse to each other, and if so, that might impact the analysis of supplemental jurisdiction (Doc. 19 at 3-4; Doc. 16 at 7-12).

However, when multiple defendants remove a case to federal court, generally all must consent to join in the notice of removal for it to be effective. *See Bailey v. Markham*, 611 F. Supp. 3d 1177, 1240 (D.N.M. 2020) (explaining the "unanimity rule" that all defendants served at the time of filing must join in the notice of removal). Defendants' notice of removal indicates that all consented here (Doc. 1-1 at 2). Plaintiff's reply brief does not point to specific evidence controverting Defendant's assertion. Defendant's motion for leave to file a sur-reply in connection with Plaintiff's motion to remand is DENIED as unnecessary.

---

[9] More generally, *Royal Canin* clarified, discussing 28 U.S.C. § 1367, that when a plaintiff amends her complaint to delete the federal claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims and *must* remand to state court. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. at 25-26, 33-34.

## Conclusion

Because this district court properly had original jurisdiction, and the relation between Plaintiff's federal and state law claims clearly derives from a "common nucleus of operative fact," the claims are "part of the same case or controversy and thus would be best adjudicated together." *Estate of Harshman*, 379 F.3d at 1164.

For this and the other reasons discussed above, Plaintiffs' motion to remand (Doc. 7) is DENIED. Additionally, Defendant's motion for leave to file a sur-reply (Doc. 19) is DENIED.

**IT IS SO ORDERED.**

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**